UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY, and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>                    Plaintiffs,<br>vs.<br><br>ANDOVER HEALTHCARE, INC.,<br><br>                    Defendant. | Civil No.  0:10-cv-04941-MJD-JSM<br><br>**CONSENT JUDGMENT** |

_____

The Parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

## FINDINGS OF FACT

1. Plaintiff 3M Company is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.  3M Company is in the business of manufacturing and selling a wide variety of medical, consumer, commercial and industrial products, including products for skin and wound care, such as compression bandage systems.

2. Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.  3M IPC is a wholly owned subsidiary of 3M and is in the business of obtaining, managing and licensing intellectual property.  3M Company and 3M IPC are hereafter collectively referred to as "3M."

3. Defendant Andover Healthcare, Inc. ("Andover"), is a corporation organized and existing under the laws of Massachusetts, with its principal place of business at 9 Fanaras Dr., Salisbury, MA 01952.

4. On December 21, 2010, United States Patent No. 7,854,716 (the "'716 Patent"), entitled "Compression Bandage System," was issued to Plaintiff 3M IPC as assignee and owner of all right, title, and interest in the patent. 3M Company is the exclusive licensee of the '716 Patent.

5. Since prior to issue of the '716 patent, Andover manufactured, assembled, packaged and sold the Coflex™ TLC Two Layer Compression System and the Coflex™ TLC Lite Two Layer Compression System as defined in Exhibit 1 hereto (hereafter "Andover 2-Layer Product") in the United States, including offering for sale and selling them in the State of Minnesota.

6. 3M brought this action against Andover for infringement of the '716 Patent.

7. By manufacturing and selling the Andover 2-Layer Product, Andover has infringed one or more claims of the '716 Patent.

8. Any finding of fact which is deemed to be a Conclusion of Law is hereby adopted as such.

9. The Parties seek to terminate this litigation through this Consent Judgment.

## **CONCLUSIONS OF LAW**

10. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

12. All the claims of the '716 Patent are valid and enforceable as applied to the Defendant's Andover 2-Layer Product.

13. The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the manufacture, use, import, sale, or offer for sale of the Andover 2-Layer Product in the United States does not infringe the '716 Patent.

14. This Judgment shall finally conclude and dispose of this litigation, and, as to all parties, this Judgment shall be entitled to issue and claim preclusion effect in future litigation or Patent Office proceedings related to the '716 Patent.

15. Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A. Other than as permitted by the Settlement Agreement between the parties, Defendant, including its officers and directors, agents, servants, employees, attorneys, distributors, and all persons controlling, controlled by, or in active concert or

participation with, through, or under it, is hereby enjoined from the sale of the Andover 2-Layer Product.

      B.      This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and enforcement of the Settlement Agreement.

      C.      No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

      D.      This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

      E.      Each party shall bear its own costs and attorney's fees.

      F.      Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

IT IS SO ORDERED.

Dated:  May 13, 2011                              s/ Michael J. Davis
                                                           The Honorable Michael J. Davis
                                                           United States District Judge

HEREBY STIPULATED AND AGREED TO:

        3M COMPANY and
        3M INNOVATIVE PROPERTIES COMPANY

        By their attorneys,

Dated: April 29, 2011        s/Felicia J. Boyd


        ANDOVER HEALTHCARE, INC.

        By its attorneys,

Dated: April 29, 2011        s/Nels T. Lippert